## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 3:20-cv-930<br>)<br>) |
| Petroff Trucking Company, Inc., | ) **COMPLAINT**<br>) |
| Defendant. | )<br>) |

Plaintiff United States of America through its undersigned attorneys, by the authority of the Attorney General of the United States, and at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action commenced under sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and 1319(d), to obtain injunctive relief and civil penalties against Petroff Trucking Company, Inc. ("Defendant") for violations of section 301 of the CWA, 33 U.S.C. § 1311.  Specifically, Defendant discharged pollutants into waters of the United States without authorization by the United States Department of the Army Corps of Engineers ("COE") on a site located at about 650 Madison Road, East St. Louis, Illinois (hereafter the "Site").

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendant, pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), at its

own expense and at the direction of the EPA and the COE, to remove all discharged pollutants from the waters of the United States, including any construction or demolition waste and any dredged or fill material; (3) to provide compensatory mitigation for the waters of the United States Defendant damaged and destroyed through its unlawful activities; (4) to require Defendant to respond to EPA's information requests pursuant to CWA section 308, 33 U.S.C. § 1318; and (5) to require Defendant to pay civil penalties as provided in CWA section 309(d), 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this Complaint under CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Southern District of Illinois under CWA section 309(b), 33 U.S.C. § 1319(b); 28 U.S.C. §§ 1391(b) and 1391(c); and 28 U.S.C. § 1395 because the Defendant conducts business in this District, the subject property is located in this District, the violations alleged herein occurred in this District, and the penalty sought by the United States accrued in this District.

## NOTICE

5. Notice of the commencement of this action has been given to the State of Illinois pursuant to CWA sections 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice under 28 U.S.C. §§ 516 and 519, and

is exercised in accordance with CWA sections 309(b), 309(d), and 506, 33 U.S.C. §§ 1319(b), 1319(d), and 1366.

7. Defendant, Petroff Trucking Company, Inc., is a heavy construction and trucking company incorporated in the state of Illinois, with its principal place of business in Illinois.

8. At all times relevant to this Complaint, the Defendant owned and operated the Site and controlled or directed the activities relevant to this Complaint that occurred at the Site.

## STATUTORY AND REGULATORY BACKGROUND

**A.   Sections 301 & 404**

9. Section 301(a) of the CWA, 33 U.S.C. §§ 1311(a), prohibits the discharge of pollutants, including dredged and fill material, into navigable waters except in compliance with, *inter alia*, a permit issued by the COE under CWA section 404, 33 U.S.C. § 1344.

10. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the COE, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

11. "Discharge of a pollutant" means, among other things, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

12. "Pollutant" means, among other things, dredged spoil, rock, and sand. 33 U.S.C. § 1362(6).

13. "Navigable waters" means "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

14. "Point source" means, among other things, "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

15. For purposes of the CWA, "person" means "an individual, corporation, partnership [or] association." 33 U.S.C. § 1362(5).

**B.     Section 308**

16. Section 308 of the CWA authorizes EPA to require the disclosure of information, including site access, to carry out the purposes of the CWA. 33 U.S.C. § 1318.

17. Under section 308, an owner or operator of a point source must provide information that EPA reasonably requires to determine whether any person is in violation of the CWA. 33 U.S.C. § 1318.

**C.     Enforcement Provisions**

18. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates sections 301 of the CWA, 33 U.S.C. § 1311.

19. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates section 301 of the CWA, 33 U.S.C. § 1311.

20. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), establishes civil penalties for violations of the CWA payable to the United States of up to $25,000 per day for each violation. section 309(d) of the CWA further specifies that in determining the amount of a civil penalty, a court "shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require." 33 U.S.C. § 1319(d).

21.     In accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 (Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996 (Pub. L. 104-134, Sec. 31001(s)), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note), as reflected in the Civil Monetary Penalty Inflation Adjustment Rule, 40 C.F.R. Part 19, EPA may seek civil penalties of up to $55,800 per day per violation of the CWA for violations occurring after November 2, 2015, where penalties are assessed on or after January 13, 2020.  40 C.F.R. § 19.4.

22.     Each day that dredged or fill material remains in the place where it is discharged without authorization constitutes a separate violation of section 301(a) of the CWA, 33 U.S.C. §1311(a).

23.     Each day that Defendant fails to submit a response to a request for information made by EPA under section 308, 33 U.S.C. § 1318, constitutes a separate violation of CWA section 301(a), 33 U.S.C. §1311(a).

## GENERAL ALLEGATIONS

A.     **Waters on the Site Are Waters of the United States**

24.     The Site comprises approximately 22.6 acres located at about 650 Madison Road, East Saint Louis, Illinois.  For illustrative or demonstrative purposes only, a map depicting the Site is attached to this Complaint as Exhibit A.

25.     Prior to the unauthorized discharges described in Paragraphs 30 and 33, the Site contained approximately 15.5 acres of freshwater wetlands.

26.     Prior to the unauthorized discharges described in Paragraphs 30 and 33, wetlands on the Site were hydrologically connected to the Cahokia Canal ("Canal")—formerly known as Cahokia Creek— via two culverts that passed through a 100-foot berm between the wetlands and

the Canal. Absent the berm, the water of the wetlands would abut, and be directly connected to, Cahokia Canal.

27. The Canal was and remains a perennial stream that flows 2.8 miles downstream to the Mississippi River, a traditional navigable waterway. The Canal has physical indicators of a bed and bank and an ordinary high water mark.

28. Prior to the unauthorized discharges described in Paragraphs 30 and 33, the impacted wetlands on the Site exhibited flow characteristics and ecological functions that, when considered alone or in combination with similarly situated lands in the region, significantly affected—and continue to affect—the chemical, physical, and biological integrity of the Canal and the Mississippi River. Specifically, the impacted wetlands, alone and in combination with similarly situated lands in the region, provided important ecological functions, including, but not limited to, purification of surface water run-off prior to discharge into the Canal and the Mississippi River; floodwater retention and purification prior to discharge into the Canal and the Mississippi River; nutrient export to downstream aquatic food webs; and a valuable plant and wildlife habitat.

29. The wetlands on the Site, the Canal, and the Mississippi River are and were at the time the alleged discharges occurred "waters of the United States" within the meaning of section 502(7) of the CWA, 33 U.S.C. § 1362(7), and regulations promulgated thereunder.

**B.** **Unauthorized Discharges of Dredged and/or Fill Material**

30. At various times relevant to this Complaint, Defendant and/or persons acting on its behalf and at its direction cleared, stumped, graded, and dredged wetlands on the Site, causing discharges of dredged and/or fill material into wetlands and subsequently into the Canal and the Mississippi River.

6

31. At all times relevant to this Complaint, the Defendant conducted, contracted for, supervised, and/or otherwise controlled the unauthorized discharges referenced in Paragraphs 30 and 33.

32. The Defendant is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

33. At various times relevant to this Complaint, the Defendant and/or persons acting on its behalf discharged dredged and/or fill material into wetlands on the Site that are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder, including all regulations that were in effect at the time of Defendant's activities described herein.

34. The dredged or fill material that the Defendant and/or persons acting on its behalf caused to be discharged into waters of the United States on the Site included, among other things, dirt, spoil, rock, and/or sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

35. The Defendant and/or persons acting on its behalf used excavators, bulldozers, trucks, and/or other earth-moving equipment to discharge fill and/or dredged material into waters of the United States on the Site. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

36. The Defendant did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers of the COE, for the discharges of dredged and/or fill material into waters of the United States on the Site, as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

37. The Defendant has allowed pollutants to remain in waters of the United States at the Site.

38. Each day that such unauthorized dredged and/or fill material remains in place constitutes a separate violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a).

39. Unless enjoined, the Defendant is likely to continue to discharge dredged and/or fill material into, and/or to allow dredged or fill material to remain in waters of the United States at the Site in violation of CWA section 301, 33 U.S.C. § 1311.

**C.**     **Violations of CWA Section 308**

40. In accordance with section 308 of the CWA, 33 U.S.C. § 1318, EPA sent Defendant multiple written requests for information about the Site in order to determine whether a violation of the CWA had occurred.

41. On March 20, 2018, EPA issued an information request under section 308 of the CWA, 33 U.S.C. § 1318, to the Defendant via certified mail.

42. On April 26, 2018, EPA extended, via email, Defendant's response deadline to May 11, 2018, per Defendant's request for additional time to respond.

43. On May 16, 2018, Defendant partially responded to EPA's request—but the response lacked answers to most questions and requested additional time to respond.

44. On July 30, 2018, EPA sent a copy of the March 20, 2018, information request via email to Defendant's attorney and requested a response by August 30, 2018. Defendant's attorney did not respond.

45. On September 7, 2018, EPA sent another copy of the March 20, 2018, information request to Defendant's attorney via email and requested a response by September 30, 2018. Defendant's attorney did not respond.

46. On October 24, 2018, EPA sent an email to Defendant's attorney requesting a response to the March 20, 2018, information request by November 7, 2018. The Defendant was

copied on this email.  Receiving no response, EPA re-sent this email to Defendant's attorney, copying Defendant again, on November 1, 2018.

47. On November 6, 2018, Defendant's attorney sent an email to EPA indicating that he would send some of the requested information to EPA on November 7, 2018.  Defendant's attorney never sent the information.

48. On November 13, 2018, EPA sent an email to Defendant's attorney reporting that EPA had not received a response to the inquiries in the March 20, 2018, information request. The Defendant was copied on this email.

49. On September 25, 2019, EPA issued a second information request under section 308 of the CWA, 33 U.S.C. § 1318, to the Defendant via certified mail.

50. To date, neither Defendant, nor Defendant's attorney, have responded to EPA's requests for information.

## COUNT ONE
## DISCHARGE OF POLLUTANTS WITHOUT A PERMIT

51. Plaintiff repeats the allegations set forth in Paragraphs 1 through 50.

52. At various times relevant to this Complaint, the Defendant and/or persons acting on its behalf discharged dredged and/or fill material from a point source into waters of the United States on the Site without a permit or authorization under section 404 of the CWA, 33 U.S.C. § 1344.

53. The Defendant has violated and continues to violate CWA section 301(a), 33 U.S.C. § 1311(a), by its unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Site.

54. As a result of its violations of the CWA as described herein, and in accordance with CWA section 309(b), 33 U.S.C. § 1319(b), the Defendant is subject to appropriate relief, including both civil penalties and a temporary or permanent injunction.

55. Defendant is subject to a civil penalty of up to $55,800 per day for any violations that occurred after November 2, 2015, where penalties are assessed on or after January 13, 2020. *See* CWA section 309(d), 33 U.S.C. § 1319(d), as further amended by Pub. L. 114-74 (2015); 85 Fed. Reg. 1,751 (Jan. 13, 2020).

56. The CWA violations alleged herein are ongoing as of the date of the filing of this Complaint.

## COUNT TWO
## FAILURE TO PROVIDE INFORMATION PURSUANT TO CWA SECTION 308

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56 as if fully set forth within.

58. By failing to provide information reasonably required by EPA pursuant to section 308 of the CWA, Defendant is in violation of section 308.

59. Due to Defendant's failure to provide information reasonably required by EPA under section 308 of the CWA, and in accordance with CWA section 309(b), 33 U.S.C. § 1319(b), Defendant is liable to the United States for injunctive relief and civil penalties.

60. Defendant is subject to a civil penalty of up to $55,800 per day for any violations that occurred after November 2, 2015, where penalties are assessed on or after January 13, 2020. *See* CWA section 309(d), 33 U.S.C. § 1319(d), as further amended by Pub. L. 114-74 (2015); 85 Fed. Reg. 1,751 (Jan. 13, 2020).

61. The CWA violations alleged herein are ongoing as of the date of the filing of this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That Defendant be permanently enjoined from discharging or causing the discharge of dredged and/or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2. That Defendant be permanently enjoined to undertake measures, at Defendant's own expense and at the direction of the EPA, to remove all discharged pollutants from the wetlands on the Site;

3. That Defendant be permanently enjoined to undertake measures, at Defendant's own expense and at the direction of the EPA, to remediate the damage to the waters of the United States, as appropriate;

4. That Defendant be permanently enjoined to provide compensatory mitigation in the watershed for environmental damage, as appropriate;

5. That Defendant be ordered to respond to EPA's section 308 information requests pursuant to 33 U.S.C. § 1318;

6. That Defendant be assessed, in accordance with CWA sections 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA sections 301(a), 33 U.S.C. §§ 1311(a);

7. That the United States be awarded costs and disbursements in this action; and

8. That this Court grant such other relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources
Division

*s/ Benjamin J. Grillot*

BENJAMIN J. GRILLOT
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
benjamin.grillot@usdoj.gov
(202) 305-0303

STEVEN D. WEINHOEFT
UNITED STATES ATTORNEY
Southern District of Illinois

*s/ Nicholas J. Biersbach*
NICHOLAS J. BIERSBACH
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL  62208-1344
Nicholas.Biersbach@usdoj.gov
Phone:   (618) 628-3700
Fax:   (618) 622-3810

Dated:  September 14, 2020

OF COUNSEL:

JEFFERY M. TREVINO
United States Environmental Protection Agency
Office of Regional Counsel, Region V
77 W. Jackson Blvd.
Chicago, IL 60604
(312) 886-6729